**JIAN XING HUANG, Petitioner,**

v.

**Bureau of Citizenship and Immigration Services, Respondent.**

**No. 06–2029–ag.**

United States Court of Appeals, Second Circuit.

Jan. 12, 2007.

Theodore N. Cox, New York, NY, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, Daniel P. Filor and Sarah S. Normand, Assistant United States Attorneys, New York, NY, for Respondent.

Present: WALKER, JOSÉ A. CABRANES, and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Jian Xing Huang, a native and citizen of the People's Republic of China, seeks review of an April 2006 order of the BIA denying his motion to reopen its December 2002 order sustaining the appeal and vacating Immigration Judge George T. Chew's order granting asylum and withholding of removal. *In re Jian Xing Huang*, No. A 70 903 598 (B.I.A. April 14, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). The BIA abuses its discretion when its "decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (citations omitted). We find that the BIA did not abuse its discretion in denying Huang's motion to reopen.

BIA regulations state that "[a] motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1) (2005); *Alam v. Gonzales,* 438 F.3d 184, 187 (2d Cir.2006). The regulations further provide that individuals must file a motion to reopen within 90 days of the final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and there is no dispute that Huang's motion was filed out of time. However, because "[c]laims of ineffective assistance of counsel satisfy the general requirement that motions to reopen present 'new facts' that are 'material and [were] not available and could not have been discovered or presented at the former hearing,'" *Iavorski v. INS,* 232 F.3d 124, 129 (2d Cir.2000) (citing 8 C.F.R. § 3.23(b)(3) (2000) (recodified at 8 C.F.R. § 1003.23(b)(3) (2003))), filing deadlines for motions to reopen premised on ineffective assistance may be subject to an equitable toll. Tolling is available if the petitioner can demonstrate that (1) his counsel's conduct violated the petitioner's constitutional right to due process, and (2) the petitioner "has exercised due diligence in pursuing the case during the period the [petitioner] seeks to toll." *Id.* at 135.

In order to establish that counsel was ineffective, the petitioner must demonstrate that (1) competent counsel would have acted otherwise, and (2) petitioner was prejudiced by counsel's performance. *Rabiu v. INS,* 41 F.3d 879, 882 (2d Cir. 1994). The petitioner must also comply with the procedures laid out in *Matter of Lozada,* 19 I. & N. Dec. 637 (B.I.A.1988). We exercise our own judgment as to whether counsel was effective. *See, e.g., Cekic v. INS,* 435 F.3d 167, 171 (2d Cir. 2006).

■ In his motion to reopen, Huang argued that his prior counsel was ineffective for, inter alia, failing to submit background evidence regarding his family planning policy claim, including two affidavits prepared by retired (and now deceased) demographer and immigration expert Dr. John S. Aird dated May 19, 2003, and September 8, 2005, and certain medical documents purporting to corroborate that Huang's sister-in-law and two sisters were forcibly sterilized.[1] The BIA did not determine whether Huang acted with due diligence in pursuing his claim nor whether he complied with the *Lozada* requirements, but, instead, turned directly to the ineffective assistance issue.

■ As to the Aird affidavits, the BIA was correct in finding that because the affidavits post-dated the proceedings before the IJ and BIA, Huang's counsel could not have submitted them and was

---

1. In his brief before this court, Huang argues that his prior counsel erred by not submitting the medical documents and the Aird affidavits. Because Huang does not argue the importance of any of the other pieces of evidence he submitted in this motion to reopen, he has waived any challenge to the BIA's denial of his motion with respect to those documents. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005)

not therefore ineffective in failing to do so.[2] With regards to the medical documents, the BIA concluded that, "[w]hile the remainder of the proffered evidence challenges to a certain degree the conclusions made in our previous decision, we are not persuaded that a different outcome would have resulted if this evidence had been presented with the previous evidence.... That previous evidence includes strong support for a finding that the respondent does not qualify for the relief sought.... Thus, [Huang] has not established sufficient prejudice to support the motion to reopen based on ineffective assistance of counsel."

In our prior decision on Huang's petition for review, we affirmed the BIA's dismissal of his family planning policy claim, holding that "[i]n the absence of solid support in the record for Huang's assertion that he will be subjected to forced sterilization, his fear is speculative at best." *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam). In so holding, we explained:

> Fujian, according to the record, has a relatively lax family-planning policy; a second child is often permitted if the first child is a girl. Since Huang's first child is a daughter, there is no indication that Huang would be subject to forced sterilization for having a second child— even if the family planning regime applied equally to births abroad.

> Moreover, as the BIA found, a country condition report in the record indicates "no reports of any [Chinese] national policy" with regard to foreign-born children, and that couples returning to China with more children than they would

have been permitted at home are "at worst, given modest fines." The BIA was not bound by the country condition report in the record, but it was entitled to rely on it, so long as in doing so it did not overlook any contradictory evidence directly presented by the petitioner.

\* \* \*

> Huang's testimony that his sister-in-law had been forcibly sterilized ... would not be probative even if believed because Huang omitted any evidence that might bear on whether Huang might be in similar circumstances (such as the locality in which this woman lived, when she was sterilized, her marital status and the number and sex of her children at that time, and so on). Moreover, Huang has two older sisters, one with two sons and one with three children, and he made no allegation that they had been penalized in any way for having children.

*Id.* at 128–29 (citation and footnotes omitted).

The medical documents Huang submitted in his motion to reopen suffer from the same deficiencies as the evidence he adduced before; they fail to demonstrate that the family planning regime is applied in Huang's specific circumstances. *Id.* Even assuming that his sister-in-law and two sisters were forcibly sterilized after bearing children, the proffered medical documents do not indicate whether these women bore their children outside of China—as did Huang's wife. In addition, the evidence regarding the sex of his sister-in-law's and sisters' children does not indicate

---

**2.** Huang contends that his first counsel could have submitted the Aird affidavit of 2000, which "was certainly available at that time." But because the 2000 Aird affidavit was not presented to the BIA as part of Huang's motion to reopen, we may not consider it. *See* 8 U.S.C. § 1252(d)(1); *Foster v. INS*, 376 F.3d 75, 78 (2d Cir.2004) (per curiam).

he is similarly situated; the only evidence that Huang submitted on this issue relates to his sisters—one of whom had two sons and the other had three children of un-identified gender before being sterilized. Because Huang failed to produce evidence relating to forced sterilization in his specific circumstances, we will not disturb the BIA's determination that Huang failed to establish that he was prejudiced by his counsel's alleged ineffectiveness—i.e., that there is a reasonable probability that the end result would have been different had the proffered evidence been submitted by Huang's counsel.[3]

For the foregoing reasons, the petition for review is **DENIED.** Having completed our review, any stay of removal that the court previously granted in this petition is **VACATED,** and any pending motion for a stay of removal in this petition is **DENIED** as moot. Any pending request for oral argument in this petition is likewise **DENIED** as moot.

---

**3.** In his brief, Huang summarily suggests that his first counsel was ineffective for failing to file a brief in the original appeal before the BIA and that his second was ineffective for failing to file a motion to reopen the case before he appealed the BIA's adverse ruling to this court. Generally, issues not sufficiently argued in the briefs are deemed waived and will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005) *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). But even if we assume that Huang's arguments on these issues were not abandoned, we still find the BIA did not abuse its discretion in denying Huang's motion to reopen because, as noted, he failed to demonstrate any resulting prejudice.